```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
VICTOR MANUEL PEREZ PEREZ,                                       :
                                                                 :
                         Plaintiff,                              :
                                                                 :        25-cv-4065 (LJL)
           -v-                                                   :
                                                                 :            ORDER
RONNIE ABRAMS,                                                   :
                                                                 :
                         Defendant.                              :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Victor Manuel Perez Perez ("Plaintiff") brings this action against Judge Ronnie Abrams, a judge of this Court, alleging a conspiracy to violate his due process rights and his civil rights. Dkt. No. 1. On April 12, 2025, Plaintiff filed a petition for a writ of mandamus and a writ of mandamus against a number of federal, state, and municipal agencies to compel the adjudication of his applications for a commercial driver's license and a green card. *See Perez Perez v. N.Y. State Dep't of Transp.*, No. 25-cv-3178 (S.D.N.Y. filed Apr. 12, 2025). Judge Abrams is presiding over the case, but she has referred it to the Magistrate Judgement for general pretrial purposes. *See* No. 25-cv-3178, Dkt. No. 20. In this case, Plaintiff alleges that Judge Abrams "has exhibited bias and has unduly delayed the issuance of an order in his case that is critical to the adjudication of his civil rights, specifically concerning his driver's license and green card applications." Dkt. No. 1 ¶ 7. He seeks compensatory and punitive damages. *Id.* ¶¶ 14–15.

The Court denied Plaintiff's application to proceed in forma pauperis for failure to show that he did not have sufficient assets to pay the filing fee, Dkt. No. 4, but his complaint was filed

after he paid the filing fee. Since then, Plaintiff has filed two documents with this Court labeled "Ex Parte Petition to Proceed In Forma Pauperis" and "Petition for Clarification and Relief," Dkt. Nos. 10–11, in which he again seeks permission to proceed in forma pauperis. The Court issued an order on August 8, 2025, stating that it did not have jurisdiction to consider the filings because Plaintiff had filed a notice of appeal regarding the denial of his original motion to proceed in forma pauperis, which transferred jurisdiction over that issue to the U.S. Court of Appeals for the Second Circuit. *See* Dkt. Nos. 5, 12. On August 11, 2025, the Second Circuit issued an order explaining that Plaintiff's appeal would be dismissed if he did not pay the filing fee for proceeding in that court by September 2, 2025. Dkt. No. 14. On October 2, 2025, the mandate issued and on October 6, 2025, it was transmitted to this Court dismissing the appeal and transferring jurisdiction back to this Court. *Id.*; *see* Minute Order of Oct. 6, 2025.

Section 1915(a) of Title 28 of the United States Code provides that a court may authorize a case to be prosecuted without prepayment of fees or security upon filing of an affidavit showing that the plaintiff is unable to pay such fees. 28 U.S.C. § 1915(a). However, Section 1915(e)(2) provides that notwithstanding any filing fee that may have been paid, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Federal judges are absolutely immune from actions for damages arising from their judicial conduct. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *Kaul v. Intercontinental Exch.*, 2025 WL 2636589, at *5 n.1 (S.D.N.Y. Sept. 12, 2025). Judicial immunity, moreover, "is not overcome by allegations of bad faith or malice." *See Mireles*, 502 U.S. at 11. While an unrepresented litigant's submissions are to be "construed

liberally and interpretated to raise the strongest arguments they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the Court "has the power to dismiss a complaint sua sponte for failure to state a claim . . . so long as the plaintiff is given notice and 'an opportunity to be heard,'" *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation omitted).

      Plaintiff's renewed motions to proceed in forma pauperis are denied. Plaintiff is ordered to show cause by November 10, 2025, why his complaint should not be dismissed for failure to state a claim for relief and why this case should not be closed. In the absence of a timely response, the Court may dismiss the case.

      The Clerk of Court is respectfully directed to close Dkt. Nos. 10 and 11.

      SO ORDERED.

Dated: October 9, 2025, 2025  
       New York, New York

                                     LEWIS J. LIMAN  
                                     United States District Judge

3