UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                :

VICTOR MANUEL PEREZ PEREZ,         :
                                :

            Plaintiff,         :

                                :        25-cv-4065 (LJL)

    -v-                    :

                                :         ORDER

RONNIE ABRAMS,               :
                                :

            Defendant.      :

                                :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__2/10/2026__

LEWIS J. LIMAN, United States District Judge:

Plaintiff Victor Manuel Perez Perez ("Plaintiff") brings this action against Judge Ronnie Abrams, a judge of this Court, alleging a conspiracy to violate his due process rights and his civil rights. Dkt. No. 1. On April 12, 2025, Plaintiff filed a petition for a writ of mandamus against several federal, state, and municipal agencies to compel the adjudication of his applications for a commercial driver's license and a green card. *See Perez Perez v. N.Y. State Dep't of Transp.*, No. 25-cv-3178 (S.D.N.Y. filed Apr. 12, 2025). Judge Abrams is presiding over the case, but she has referred it to the Magistrate Judge for general pretrial purposes. *See* No. 25-cv-3178, Dkt. No. 20. In this case, Plaintiff alleges that Judge Abrams "has exhibited bias and has unduly delayed the issuance of an order in his case that is critical to the adjudication of his civil rights, specifically concerning his driver's license and green card applications." Dkt. No. 1 ¶ 7. He seeks compensatory and punitive damages. *Id.* ¶¶ 14–15.

On October 9, 2025, this Court denied Plaintiff's multiple motions to proceed without prepayment of fees and ordered Plaintiff to show cause by November 10, 2025, why the case should not be dismissed for failure to state a claim for relief given that federal judges are

absolutely immune from damages suits arising from their judicial conduct.  Dkt. No. 15; *see*

*Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) ("[T]he general rule is that a 'district court has

no authority to dismiss a complaint for failure to state a claim upon which relief can be granted

without giving the plaintiff an opportunity to be heard.'" (citation omitted)); *Fitzgerald v. First*

*E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a

frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee . . . .").

The Court informed Plaintiff that "[i]n the absence of a timely response, the Court may dismiss

the case."  Dkt. No. 15 at 2.  Plaintiff did not respond to that order to show cause.

       This case is dismissed with prejudice for failure to state a claim because it seeks

compensatory and punitive damages against a federal judge for judicial acts performed in a

judicial capacity, and federal judges are absolutely immune from such suits.  *See Mireles v.*

*Waco*, 502 U.S. 9, 11 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *Kaul v.*

*Intercontinental Exch.*, 2025 WL 2636589, at *5 n.1 (S.D.N.Y. Sept. 12, 2025).  Judicial

immunity "is not overcome by allegations of bad faith or malice."  *See Mireles*, 502 U.S. at 11.

"[I]mmunity applies even when the judge is accused of acting maliciously and corruptly."  *Id.*

(quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  Even construing the pleadings liberally in

Plaintiff's favor to raise the strongest claims they suggest, the barrier of absolute judicial

immunity cannot be overcome.

       This case is DISMISSED WITH PREJUDICE.  The Clerk of Court is respectfully

directed to enter judgment and to close this case.

       SO ORDERED.

Dated: February 10, 2026
     New York, New York                          _____
                                     LEWIS J. LIMAN
                            United States District Judge